# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00124-CR

**Lee Roy Bara, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT NO. 4866, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant pleaded guilty to committing the offense of driving while intoxicated and was placed on community supervision. The State subsequently filed a motion to revoke probation, which the district court granted. Appellant was then sentenced to two years' imprisonment. This appeal followed.

Appellant's brief was due in this Court on June 10, 2009. On June 24, 2009, we notified appellant's counsel that appellant's brief was overdue and that, if we did not receive a satisfactory response from counsel on or before July 6, 2009, a hearing before the district court pursuant to Tex. R. App. P. 38.8(b) would be ordered.

As of this date, no brief has been filed. Instead, on July 7, 2009, we received from counsel a "motion to withdraw appeal and response to court's order." In the motion, counsel represents that, after this appeal was perfected, appellant entered into a plea bargain agreement in

a separate cause. According to counsel, appellant agreed, as part of the plea bargain, to withdraw and not prosecute the appeal in this cause. However, counsel further represents that subsequent to the "[p]lea agreement being consummated and prior to mailing the Appellant a written Motion to Dismiss the Appeal, the wife of the Appellant informed [counsel] that the Appellant would refuse to execute the written Motion to Dismiss." Additionally, in the record before us is a handwritten "notice to withdraw appeal," signed by appellant and filed with the district court on June 25, 2009. In the notice, appellant states that he "will not be filing for an appeal" in this cause, but he also complains that his counsel rendered ineffective assistance.

In counsel's "motion to withdraw appeal," counsel prays that this Court "either abate the Appeal for an indeterminate period or, alternatively, permit the withdrawal of this appeal pursuant to the plea agreement." A copy of the plea agreement is not in the record before us. However, attached to counsel's motion is a copy of the district court's docket sheet with a handwritten notation seemingly indicating that the appeal in this cause was withdrawn.

We also note that the record currently does not include a copy of the trial court's certification of defendant's right to appeal. *See* Tex. R. App. P. 25.2(d). On May 5, 2009, we notified the district clerk that the required certification was missing and requested that a supplemental clerk's record containing the certification be filed by May 15, 2009. On May 12, 2009, we received notice from the district clerk that "the court's file did not contain the certification of defendant's right to appeal signed by the judge and defendant's counsel." In the notice, the district clerk indicated that, "the district attorney's office together with the defendant's attorney are working on getting that document signed." We received a supplemental clerk's record on July 1,

2

2009. However, that record contains only a blank certification form, undated and unsigned by appellant, counsel, and the presiding judge.

We grant counsel's motion in part. We abate the cause and remand it to the district court to hold a hearing in accordance with rule 38.8 of the rules of appellate procedure. Tex. R. App. P. 38.8(b)(2), (3). The district court shall hold a hearing immediately to determine whether appellant has withdrawn his appeal and, if not, whether appellant still wishes to prosecute his appeal, whether appellant is indigent, and whether counsel has abandoned the appeal. *See id*. If appellant has not withdrawn his appeal, still desires to appeal, and is indigent, the district court should make appropriate orders to ensure that appellant is adequately represented on appeal. *See id*. Following the hearing, the district court should order the appropriate supplementary clerk's and reporter's records to be prepared and forwarded to this Court no later than August 24, 2009. *See id*. The supplementary clerk's record should also include a copy of the completed certification indicating whether appellant has waived his right of appeal.

Before Justices Patterson, Puryear and Pemberton

Abated

Filed: July 24, 2009

Do Not Publish